# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL MOON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 413CV2570 JAR |
| BARRON PRATTE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A. After reviewing the allegations contained in plaintiff's complaint, the Court finds that plaintiff's assertions fail to state a claim upon which relief may be granted. As such, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed by a person in custody if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937,

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff, a detainee at Southeast Missouri Community Treatment Center, filed the instant action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)[1], alleging violations of his civil rights.[2] Plaintiff brings this action against twelve named defendants, and all appear to be employees of the Southeast Missouri Community Treatment Center.[3] Plaintiff seeks both monetary and injunctive relief in his complaint.

Plaintiff claims that defendants, "jointly and severally," denied him the ability to exercise

---

[1] **Error! Main Document Only.** A claim under Bivens involves the same analysis as one arising under 42 U.S.C. § 1983. Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] Although plaintiff initially sought leave to proceed in forma pauperis, on March 12, 2014, he paid the full amount of the filing fee. Plaintiff's motion to proceed in forma pauperis will therefore be denied as moot. It is worth noting that plaintiff has previously been barred from proceeding in forma pauperis in this Court, pursuant to 28 U.S.C. § 1915(g). See Moon v. Cape Girardeau County Sheriff's Dept., 1:11CV128 LMB (E.D. Mo. 2011).

[3] It is unclear if the Treatment Center is a private facility merely affiliated with the Missouri Department of Mental Health or if the individuals employed there are actually state employees. Plaintiff appears to identify defendants as private actors, referring to them ambiguously as "CTC." It is plaintiff's responsibility, as the master of his complaint, to properly plead jurisdiction in this matter. And §1983 imposes liability on *government actors* acting under color of state law. 42 U.S.C. § 1983. Bivens requires a federal actor for liability. 403 U.S. at 388. If defendants are not, in fact, state or federal actors, there is no indication that this Court has jurisdiction over plaintiff's complaint.

his religious beliefs by failing to provide him with "halal" foods, an Imam at the facility, a place to "make Salat," a "clean place to pray," access to Islamic religious services, and a "place to make Wudu." Plaintiff also believes he was discriminated against by defendants on the basis of his religious beliefs when he was placed on a GPS monitoring system and his movements were restricted at the facility through a pass system. Plaintiff further complains that his access to courts were violated by the facility's "failure to install a law library" and "refusal to provide postage stamps, a typewriter, pens, writing paper," etc. Plaintiff believes that he needs the aforementioned in order to file "over 30 civil rights complaints in 2 district courts in Illinois and Indiana."

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). As noted above, plaintiff has not properly identified the defendants and whether they are state actors that can be held liable under Bivens or § 1983.

Assuming that defendants are, in fact, state actors and can be held liable under § 1983, the Court notes that with the exception of defendants Auners, Garner, and Lott, plaintiff has not set forth any facts indicating that any of the other named defendants were directly involved in or personally responsible for specific violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Pratte, Walp, Spitzmiller, Gilliam, Burgert, Dell, Vega, Thomas, Huesler and Laird. See also,

Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Moreover, plaintiff's complaint does not even state a claim, as written, against defendants Auners, Garner or Lott. Plaintiff's complaint is silent as to the capacity he is suing defendants. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted with respect to the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis, his motion to appoint counsel, and his motion requesting service of process [Doc. #2, #4 and #5] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. See 28 U.S.C. § 1915A(b).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of March, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE