# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL MOON, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 4:13CV2570 JAR |
| BARRON PRATTE, et al., | ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's post-dismissal motions for a copy of all court orders filed in this case [Doc. #10] and for preliminary injunction [Doc. #8].

Plaintiff, a detainee at Southeast Missouri Community Treatment Center, filed the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights. Plaintiff brought this action against twelve named defendants, all of which appeared to be employees of the Southeast Missouri Community Treatment Center. Plaintiff sought both monetary and injunctive relief in his complaint.

Upon review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed plaintiff's claims as either frivolous, or alternatively, for failure to state a claim upon which relief could be granted [Doc. #6 and #7].

In his motion for preliminary injunction, plaintiff states that as "retaliation for filing the instant lawsuit" defendants falsely accused him of escaping community confinement and placed him in St. Genevieve County Jail. He states that he "will be" filing an amended complaint regarding his retaliation claims. Plaintiff fails to state any other grounds for temporary injunctive relief.

Plaintiff's retaliation claims are new claims for relief and cannot be the basis for a preliminary injunction in this closed civil action. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") Thus, if plaintiff wishes to pursue such claims, he must file a new civil action in this Court or another court available to him. Moreover, even if this Court were to entertain plaintiff's assertions in this closed action, he has not stated enough to meet the standards for relief for a preliminary injunction to issue, as he has not stated any factual issues relating to "irreparable harm." Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest.) Thus, plaintiff's request for a preliminary injunction will be denied.

Last, the Court will grant plaintiff's motion for copies, in part. Plaintiff will be provided with a second copy of the Court's March 25, 2014 Memorandum and Order and Order of Dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion for preliminary injunction [Doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for copies is **GRANTED IN PART**. The Clerk shall provide plaintiff a copy of the Court's March 25, 2014 Memorandum and Order and Order of Dismissal and a copy of the most recent docket sheet.

Dated this 9th day of, April 2014.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE