UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARNELL MOON, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) ) No. 413CV2570 JAR |
| BARRON PRATTE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #26] pursuant to 28 U.S.C. § 1915A. After reviewing the amended complaint, the Court will partially dismiss the amended complaint and will allow plaintiff to proceed with the non-frivolous portions of the amended complaint. *See* 28 U.S.C. 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed by a person in custody if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Amended Complaint

Plaintiff, a detainee at Southeast Missouri Behavioral Health Treatment Center (referred to by plaintiff as "SEMO CTC"), filed the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983[1], alleging violations of his civil rights.[2] Plaintiff brings this action against fourteen (14) named defendants, in their individual and official capacities, many of which appear to be employees of SEMO CTC.[3] Plaintiff seeks both monetary and injunctive relief in his complaint.

---

[1] A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] Plaintiff paid the full amount of the filing fee in this action. It is worth noting that plaintiff has previously been barred from proceeding in forma pauperis in this Court, pursuant to 28 U.S.C. § 1915(g). *See Moon v. Cape Girardeau County Sheriff's Dept.*, 1:11CV128 LMB (E.D. Mo. 2011).

[3] It is unclear if the Treatment Center is a private facility merely affiliated with the Missouri Department of Mental Health or if the individuals employed there are actually state or federal employees. Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. *Bivens* requires a federal actor for liability. 403 U.S. at 388.

The named defendants in plaintiff's amended complaint are: Paul M. Laird (Regional Director, Federal Bureau of Prisons ("BOP")); Kathy Huesler[4] (Residential Re-Entry Contract Oversight Specialist, BOP); Victor Vega (Residential Re-Entry Manager, SEMO CTC); Barron E. Pratte (President and CEO of SEMO CTC); Jason W. Gilliam (Vice President of SEMO CTC); Karen Auner (Director of Federal Community Re-Entry Services Division at SEMO CTC); Bradley Lott (Electronic Monitoring Specialist, CTC); Amy Walp (Federal Case Manager); Walter Spitzmiller (Federal Case Manager); Jeffrey Burgert (Federal Case Manager); Heather Garner (Federal Case Manager); Steve Thomas (Residential Re-Entry Specialist); Jerry Creamer (SEMO Behavioral Health Federal Technician); and Toni Smith (Federal Probation Officer).

Plaintiff claims that defendants Auner, Garner, Lott, Walp, Spitzmiller and Burgert retaliated against him in violation of his First Amendment rights when they: (1) denied him passes for outside visitation and restricted his movements at CTC; (2) denied him placement on home confinement; (3) created a false incident report/probation violation in order to have his probation revoked so that he would be placed in Cape Girardeau County Jail. Plaintiff claims that defendants acted in such a manner due to him having filed grievances, as well as a prior lawsuit against them.

Plaintiff asserts that defendants Auner, Garner, Lott, Walp, Burgert and Spitzmiller denied him the ability to exercise his religious beliefs, under the First Amendment, by: (1) failing to provide him with "halal" foods; (2) failing to provide him with a clean place to pray; (3) failing to provide plaintiff with a place to make "Wudu"; (4) failing to provide plaintiff with Islamic religious materials; and (5) failing to allow plaintiff to go to a mosque in St. Louis; failing to allow plaintiff to have an Imam, or Muslim speaker, come to SEMO CTC.

---

[4] Plaintiff refers to this defendant as both "Kathy Huesler" and "Kathy Hueter." For ease of reference, the Court will refer to this defendant as "Kathy Huesler."

Plaintiff claims that defendants Auner, Lott, Garner, Walp, Burgert and Spitzmiller violated his rights under the First Amendment Establishment Clause when they allowed Christian Speakers to come to SEMO CTC to speak to inmates but denied his request to have a Muslim speak to inmates at SEMO CTC.

Plaintiff alleges that defendants Auner, Lott, Garner, Walp, Burgert and Spitzmiller denied his due process rights when they: (1) restricted his movement via GPS and placed an ankle bracelet on him without providing him notice and opportunity to be heard; (2) restricted his movement via the "pass system"; and (3) had his parole revoked and had him placed in the Cape Girardeau County Jail on a "fabricated incident report" without providing him a "DHO" hearing.

Plaintiff further alleges a "class of one" violation of the Equal Protection Clause of the Fourteenth Amendment against defendants Auner, Lott, Garner, Walp, Burgert and Spitzmiller because he believes these defendants "singled plaintiff out" for arbitrary treatment without a rational basis for doing so by: (1) denying him the right to freely exercise his religion; (2) denying him home confinement; (3) retaliating against plaintiff for exercising his rights under the First Amendment in having complained about the prior violations of his rights; (4) and revoking his probation and placing him in jail on a "fabricated" incident report.

Plaintiff asserts that his rights under the Equal Protection Clause were similarly violated when defendants Auner, Garner and Lott placed an ankle bracelet on him "because of his religious beliefs." He asserts that he was "discriminated against" under the Equal Protection Clause," based on his Muslim religious beliefs, when defendants Auner, Garner, Lott, Burgert, Walp and Spitzmiller: (1) denied him religious provisions; (2) denied him access to religious services; (3) denied him access to an Imam; (4) denied him access to halal foods; (5) denied him home confinement.

Plaintiff additionally claims that defendants Garner, Auner and Lott denied him access to

the courts, in violation of the First Amendment, when: (1) they refused to allow plaintiff to go to the local library to conduct legal research on his cases; (2) they refused his requests to go to the post office to buy postage; (3) they allegedly punished plaintiff by "limiting and restricting" his pass to the post office; (4) refusing to install an electronic law library at SEMO CTC; and (5) refusing to provide plaintiff with postage, envelopes, pen and paper needed to "litigate cases."

Plaintiff claims, in a wholly conclusory manner, that defendants Lott, Garner, Auner, Creamer, Burgert, Walp and Spitzmiller violated his rights under the Eighth Amendment when they denied him hygiene items, such as soap, toothbrushes, socks, boxers, shirts, shampoo, lotion and deodorant. This is the total of plaintiff's allegations on the matter.

In conclusion, plaintiff claims that he was subjected to intentional infliction of emotional distress, under Missouri state law principles, for the aforementioned violations of his rights and that defendants Vega, Huesler, Laird, Thomas, Smith, Pratte and Gilliam "approved and condoned" the discriminatory and retaliatory conduct that served as the basis for the civil rights violations mentioned above.

## Discussion

Plaintiff has not made it clear exactly which of the defendants are state actors and which of the defendants are purportedly federal actors. As noted above, because § 1983 and *Bivens* claims are analyzed similarly, it matters not at this juncture of the case. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Assuming that defendants are, in fact, state and/or federal actors and can be held liable under § 1983 or *Bivens*, the Court finds that plaintiff has not set forth enough factual assertions showing that the supervisory defendants Vega, Huesler, Laird, Thomas, Smith, Pratte or Gilliam were directly involved in or personally responsible for specific violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to these defendants, and plaintiff's claims against these defendants will be dismissed. *See also, Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Similarly, plaintiff's complaint fails to allege any factual assertions relating to the fact that his federal probation officer, Toni Smith, specifically violated his rights in any way. He asserts only his own belief, stated in a conclusory manner, that his home confinement was denied by Smith, because he had previously filed grievances and a prior lawsuit. Plaintiff's "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" cannot suffice to sustain a cause of action against Smith. *Iqbal*, 129 S. Ct. at 1949.

The Court will additionally dismiss plaintiff's official capacity claims against defendants. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To the extent that the defendants are employed by the State of Missouri, the official capacity claims must fail. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which

relief can be granted against the employees of the State of Missouri in their official capacities.

To the extent plaintiff has brought "official capacity" claims against any federal employees, these claims fail as well. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 112 (8th Cir. 2000). Plaintiff has failed to do so. As such, plaintiff cannot sue any federal employees in their "official capacity."

Plaintiff's First Amendment, access to courts claims, are also subject to dismissal, as he has not alleged an actual injury to a pending or contemplated legal claim. See *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Plaintiff's conclusory claims for violations of his Eighth Amendment rights are also subject to summary dismissal. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that the defendants were deliberately indifferent to excessive risk to his health or safety. *See, e.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Plaintiff's conclusory claims that defendants denied him access to hygiene items, without more, fails to state a cause of action for unlawful conditions of confinement.

However, the Court will issue process on several of plaintiff's claims, against defendants Lott, Garner, Auner, Creamer, Burgert, Walp and Spitzmiller, including: (1) plaintiff's claims for discrimination brought pursuant to the Equal Protection Clause; (2) plaintiff's claims under the Due Process Clause for failure to provide him notice and an opportunity to be heard regarding the revocation of his parole and restrictions on his movement; (3) plaintiff's claims for religious discrimination under the Free Exercise and Establishment clauses of the First

Amendment; (4) plaintiff's claims for retaliation under the First Amendment for redress of grievances. Plaintiff's claims for intentional infliction of emotional distress against these same defendants also survive review, pursuant to this Court's supplemental jurisdiction. As plaintiff has paid the full filing fee in this matter, he will be responsible for serving process on defendants Lott, Garner, Auner, Creamer, Burgert, Walp and Smitzmiller in accordance with Federal Rule of Civil Procedure 4.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for screening of his amended complaint under § 1915A [Doc. #30] is **GRANTED**.

**IT IS FURTHER ORDERED** that process shall issue on the following claims against defendants Lott, Garner, Auner, Creamer, Burgert, Walp and Spitzmiller, in plaintiff's amended complaint: (1) plaintiff's claims for discrimination brought pursuant to the Equal Protection Clause; (2) plaintiff's claims under the Due Process Clause for failure to provide him notice and an opportunity to be heard regarding the revocation of his parole and restrictions on his movement; (3) plaintiff's claims for religious discrimination under the Free Exercise and Establishment clauses of the First Amendment; (4) plaintiff's claims for retaliation under the First Amendment for redress of grievances. Plaintiff's claims for intentional infliction of emotional distress against these same defendants also survive review.

**IT IS FURTHER ORDERED** that as plaintiff paid the full filing fee in this action, he is responsible for serving the amended complaint and a copy of this Memorandum and Order on defendants Lott, Garner, Auner, Creamer, Burgert, Walp and Spitzmiller, in accordance with Fed.R.Civ.P.4. Plaintiff's failure to serve defendants in a timely manner will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Vega, Huesler,

Laird, Thomas, Smith, Pratte or Gilliam are subject to dismissal because, as to these defendants, the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants in their official capacity are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants for access to courts, pursuant to the First Amendment, are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants for purported unlawful conditions of confinement under the Eighth Amendment are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of August, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE